UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ESSIE MITCHELL AND JAMES MITCHELL                          PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 3:19-CV-329-DPJ-FKB

WAL-MART STORES EAST, LP                                        DEFENDANT

ORDER

This premises-liability dispute is before the Court on Plaintiffs Essie and James Mitchell's Motion to Remand [5]. Defendant Wal-Mart Stores East, LP ("Wal-Mart") has responded in opposition. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion should be denied.

I.      Background

Essie Mitchell allegedly tripped and fell at a Wal-Mart in Hazlehurst, Mississippi, on September 9, 2018. *Id.* ¶ 27. The Mitchells blame Wal-Mart for the accident and sued the company in the Circuit Court of Copiah County, Mississippi, on February 4, 2019. Compl. [1-1]. In their Complaint, the Mitchells say Essie "suffered physical pain, emotional distress and aguish, a loss of wages, a loss of wage[-]earning capacity, and a loss of enjoyment of life, and . . . incurred medical, drug, and other incidental bills." *Id.* ¶ 36. Essie and James Mitchell both allege a loss of consortium, *id.* ¶ 37, and seek an indeterminate amount of compensatory damages and court costs, *id.* ¶ 39.

While still in state court, the Mitchells filed the following responses to Wal-Mart's requests for admission:

> **REQUEST NO. 1:** Admit that the combined value of Plaintiff Essie Mitchell and Plaintiff James Mitchell's claims for damages do not exceed the amount of $75,000.00.
> **RESPONSE:** Admitted.

> **REQUEST NO. 2:** Admit that Plaintiff Essie Mitchell and Plaintiff James Mitchell would not accept any total sum greater than $75,000.00 for any damages even if awarded by a jury.
> **RESPONSE:** Admitted under the current pleadings.
>
> **REQUEST NO. 3:** Admit that Plaintiff Essie Mitchell and Plaintiff James Mitchell will never seek to amend the Complaint to seek a combined total amount above $75,000.00.
> **RESPONSE:** Denied.
>
> **REQUEST NO. 4:** Admit that Plaintiff Essie Mitchell and Plaintiff James Mitchell will never seek a combined total verdict from any jury hearing this action greater than $75,000.00.
> **RESPONSE:** Admitted under the current pleadings, but otherwise denied.
>
> **REQUEST NO. 5:** Admit that Plaintiff Essie Mitchell and Plaintiff James Mitchell will not seek a combined total verdict in excess of $75,000.00 exclusive of interest and cost at the trial of this matter.
> **RESPONSE:** Admitted under the current pleadings, but otherwise denied.

Pls.' Resp. Req. Admis. [1-2] at 1–2.

Additionally, the Mitchells filed their responses to Wal-Mart's interrogatories. In Essie Mitchell's response to a damages-related interrogatory, she claims damages for "physical pain and emotion distress in the amount of $150,000.00, and medical bills of which the final amount has been determined, lost wages for three days work due to the accident, and damages for loss of consortium in the amount of $50,000.00." E. Mitchell Resp. Interrog. [7-4] ¶ 14. James Mitchell, in his response to a damages-related interrogatory, claims damages for "emotional distress in the amount of $50,000.00 and loss of consortium in the amount of $50,000.00." J. Mitchell Resp. Interrog. [7-5] ¶ 15.[1]

---

[1] The Mitchells filed their interrogatory responses in state court before removal, but Wal-Mart apparently received them after removal. *See* State Ct. R. [2] at 37 (Pls.' Resp. Interrog.), 43 (Notice of Removal).

On May 8, 2019, Wal-Mart removed the case to this Court on diversity grounds, asserting that the Mitchells "have now clearly established that the amount in controversy exceeds $75,000, exclusive of interest and costs." Notice of Removal [1] ¶ 2. The Mitchells dispute that assertion in their Motion to Remand.

II.     Standard

A party may remove a case to federal court under 28 U.S.C. § 1441(b) when, on the face of the complaint, it appears the case invokes one or more grounds for federal subject-matter jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). Where, as here, a party premises subject-matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a) controls. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

To determine whether federal subject-matter jurisdiction exists, the district court "considers the claims in the state court petition as they existed at the time of removal." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723.

III.  Analysis

The parties agree that complete diversity of citizenship exists. But the Mitchells say the Court must remand this case because Wal-Mart has failed to satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a). This is the sole issue, and for the following reasons, the Court concludes that jurisdiction exists.

The test for determining the amount in controversy is well settled. Generally, the amount of damages sought in the petition constitutes the amount in controversy, so long as the pleading was made in good faith. *Allen*, 63 F.3d at 1335 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When, as here, "the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) ("*De Aguilar I*").

The removing party can meet this burden in one of two ways: (1) by showing that it is "facially apparent" the claim exceeds $75,000 or (2) if the value is not "facially apparent," by "setting forth the facts in controversy . . . that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335. Under the second approach, the Court may consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Id*. If Wal-Mart carries its burden under either theory, then jurisdiction exists unless the Mitchells prove to a legal certainty that the amount in controversy is less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("*De Aguilar II*").

Here, the Complaint fails to quantify the damages, and the amount in controversy is not facially apparent. The Court will therefore consider Wal-Mart's summary-judgment-type evidence. *Allen*, 63 F.3d at 1335. The Fifth Circuit has "never listed explicitly what types of

proof are acceptable under this standard." *Id.* But courts in this district have historically accepted state-court discovery responses that speak to the plaintiff's intent to seek more than the jurisdictional amount. *See McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (describing the "preferred approach" to establishing the amount in controversy); *see also Fortune v. XFit Brands*, No. 3:18-CV-545-CWR-LRA, 2018 WL 6332640 (S.D. Miss. Dec. 4, 2018) (Reeves, J.) (following preferred approach).

In their discovery responses, the Mitchells denied that they "will never seek to amend the Complaint to seek a combined total amount above $75,000.00." Pls.' Resp. Req. Admis. [1-2] at 1–2. And their interrogatory responses identified a combined sum exceeding $300,000. E. Mitchell Resp. Interrog. [7-4] ¶ 14; J. Mitchell Resp. Interrog. [7-5] ¶ 15. Wal-Mart has therefore shown by the preponderance of evidence that the amount in controversy exceeded $75,000 when it removed the case.

The Mitchells could still avoid removal by showing with legal certainty that their claim is for less than $75,000. *De Aguilar II*, 47 F.3d at 1412. To do so in a state like Mississippi that allows amendments to *ad damnum* clauses; plaintiffs "who want to prevent removal must file a binding stipulation or affidavit *with their complaints*." *Id.* (emphasis added). Here, the Mitchells did not file a binding stipulation or affidavit limiting their damages with their complaint, and there is nothing else in this record showing to a legal certainty that the claim is for less than the jurisdictional amount. Indeed, the Mitchells filed sworn interrogatory responses stating that their damages exceed $75,000 and have denied that they would not amend the Complaint to seek more. *See Bradley v. Findley*, 502 So. 2d 1181, 1183 (Miss. 1986) (recognizing rule 15 of the Mississippi Rules of Civil Procedure "liberally" permits amendments to the ad damnum clause to increase the amount in controversy even after a trial's conclusion).

On this record, the Court finds that the amount in controversy requirement is satisfied and that the Court has subject-matter jurisdiction.

IV. Conclusion

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have changed the result. Based on the foregoing, the Mitchells' motion to remand [5] is denied and motion to remand [4] is denied as moot. The Court directs the parties to contact Magistrate Judge Keith F. Ball to reschedule the case management conference.

**SO ORDERED AND ADJUDGED** this the 8th day of August, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE